(81 App. Div. 575.)

### CITY OF NEW YORK v. SHACK.

(Supreme Court, Appellate Division, First Department. April 9, 1903.)

1. TRIAL—CALENDAR—PREFERRED CAUSES—INSUFFICIENT NOTICE—POWER OF COURT.

Under Code Civ. Proc. §§ 791, 792, providing that actions in which the city of New York is a party are, among other classes, entitled to a preference on the calendar, where its attorney has given notice of the particular day of the term at which he will move it, and, if not so moved, it shall not be moved out of its order at that term, "except by special order of the court," the court has power to advance the cause by special order, notwithstanding the insufficiency of the notice in failing to state the particular day on which the motion would be made.

Appeal from Trial Term, New York County.

Action by the city of New York against Ferdinand Shack. From an order granting plaintiff's motion to place the cause on the preferred calendar, defendant appeals. ·Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Harold Nathan, for appellant.
Martin Saxe, for respondent.

PER CURIAM. This action was brought for the collection of arrears of personal property taxes assessed for the year 1898 at the sum of $100.50. The defendant was served with a summons and complaint in the action on September 9, 1901. The defendant's time to answer was extended at various times down to October 23, 1902. On October 22, 1902, the defendant served his answer, and on January 6, 1903, he served an amended answer. On January 19, 1903, the plaintiff served a notice of trial, which also contained a notice of motion to place the cause upon the preferred calendar, which notice read as follows, to wit: "And at the same time a motion will be made on the pleadings at Part 2 of said court to give this action a preference on the calendar, under the provisions of the Code of Civil Procedure, § 791, subd. 2." The point made by the appellant is that the notice for preference was not in compliance with the Code, in that it did not state the particular day in the term at which it would be moved. Whether the notice is sufficient in that respect it is not necessary at this time to consider. Subdivision 1 of section 791 of the Code of Civil Procedure provides for the service of a notice of trial on a particular day in the term at which the case will be moved; and, unless compliance be had with the Code provisions in this respect , "it shall not be moved out of its order at that term, except by the special order of the court." Subdivision 2 of the same section makes the quoted provision applicable to cases for which provision is made therein. If we assume that the notice was insufficient, it does not avail the appellant, for the court, by special order, advanced the cause as preferred, and placed it upon the calendar for a particular day. This the court was authorized to do, whether the notice was sufficient or not, and, as the court had power

to grant the order, the cause was regularly placed upon the preferred calendar.

The order appealed from should be affirmed, with $10 costs and disbursements.